# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| RICKEY POWELL, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case Number: 4:16-cv-00894-MHH-JHE |
| SCOTT HASSELL, | ) ) ) |
| Respondent. | ) ) ) |

# MEMORANDUM OPINION

On May 31, 2016, petitioner Rickey Powell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). When he filed his petition, Mr. Powell, a native of Jamaica, was incarcerated at the Etowah County Detention Center, in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). In his petition, Mr. Powell alleged that he was being illegally detained by ICE pending his deportation to Jamaica. On September 29, 2016, Powell was deported from the United States. (Docs. 9 & 9-1). Respondent has filed a motion to dismiss the action as moot because Mr. Powell no longer is in ICE custody. (Doc. 9). For the reasons stated below, the Court will grant Respondent's motion and dismiss the action as moot.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. CONST. art. III, § 2. The doctrine of mootness is derived from this limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted). Mr. Powell's release from ICE custody renders his petition moot.

There are two exceptions to the mootness doctrine: (1) collateral consequences and (2) "capable of repetition yet evading review." *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Neither exception applies here. The collateral consequences exception does not apply because there are no "disabilities or burdens which may flow" from the custody that Mr. Powell challenged. *See Carafas*, 391 U.S. at 237. The exception for events "capable of repetition, yet evading review" does not apply either. Mr. Powell has been released from custody, and the potential for the circumstances of this case to happen again are too speculative to create an actual controversy sufficient to support a claim for relief. *See Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (holding that the "capable of repetition, yet evading review" exception applies when (1) the challenged action is too short in duration to be fully litigated

prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again.). Because there is no longer relief that a court may grant to Powell, his petition is moot.

Based on the foregoing, the Court grants the Respondent's motion to dismiss. (Doc. 9). A separate order will be entered.

**DONE** and **ORDERED** this March 20, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE